KARI DAMATO ET AL. *v.* RUBY W. THOMPSON
(AC 20872)

Landau, Mihalakos and Shea, Js.

Argued May 30—officially released July 24, 2001

*Alan S. Tobin,* for the appellant (defendant).

*Frank A. Bailey,* with whom, on the brief, were *Robert R. Sheldon* and *Douglas Mahoney,* for the appellee (named plaintiff).

*Opinion*

PER CURIAM. In this personal injury action, the defendant, Ruby W. Thompson, appeals from the judgment of the trial court rendered in favor of the plaintiff Kari Damato. On appeal, the defendant claims that the court improperly (1) admitted into evidence certain expert testimony from a physician, (2) denied her motion to set aside the verdict and (3) denied her motion for a remittitur. We affirm the judgment of the trial court.

The standard of review for each claim raised by the defendant is the abuse of discretion standard. See *State* v. *Copas,* 252 Conn. 318, 326, 746 A.2d 761 (2000) (court's evidentiary ruling upheld absent clear abuse

of discretion); *Gilliard* v. *Van-Court Property Management Services, Ltd.*, 63 Conn. App. 637, 644, 777 A.2d 745 (2001) (court's denial of motion for remittitur undisturbed unless clear abuse of discretion); *Davis* v. *Fracasso*, 59 Conn. App. 291, 295, 756 A.2d 325 (2000) (court's denial of motion to set aside verdict upheld absent manifest abuse of discretion). Further, when ruling on a motion for remittitur, a trial court must determine whether the jury's award "falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake or corruption." (Internal quotation marks omitted.) *Gilliard* v. *Van-Court Property Management Services, Ltd.*, supra, 643. In a case involving similar injuries from a motor vehicle accident, our Supreme Court concluded that a jury's award of $150,000 fell " 'somewhere within the necessarily uncertain limits of just damages.' " *Bartholomew* v. *Schweizer*, 217 Conn. 671, 688–89, 587 A.2d 1014 (1991).

We have fully reviewed the record and briefs and considered the oral arguments of the parties. Having applied the appropriate standard of review, we conclude that the trial court did not abuse its discretion and that its decision conforms to the applicable law.

The judgment is affirmed.